# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. CR410-001 |
| | ) | |
| CHRISTOPHER ALLEN WILLIAMS | ) | |

## ORDER

Defendant Christopher Allen Williams requests the issuance and service of three subpoenas at public expense. (Doc. 47.) Rule 17(b) of the Federal Rules of Criminal Procedure permits a defendant to request the issuance of a subpoena if he shows: (1) an inability to pay the witness's fees, and (2) the necessity of the witness's presence for an adequate defense. If both elements are met, the Court must order that the subpoenas be issued, and the government must pay the resulting process costs and witness fees. Fed. R. Crim. P. 17(b). But "'[t]he grant or denial of a Rule 17(b) motion is committed to the discretion of the district court and is subject to reversal on appeal only upon a showing of abuse of that discretion.'" *United States v. Link*, 921 F.2d 1523, 1528 (11th Cir. 1991) (quoting *United States v. Rinchack*, 820 F.2d 1557, 1566 (11th Cir. 1987)).

Defendant has satisfactorily established his indigence, so the first element is met. As to the second element, the defendant must articulate "*specific facts* that show the relevancy and necessity" of the requested witness's testimony or evidence. *United States v. Hegwood*, 562 F.2d 946, 952 (5th Cir. 1977) (emphasis added);[1] *United States v. Ali*, 2007 WL 3197742, at *1 (M.D. Fla. Oct. 26, 2007). Absent a showing by the defendant that the prospective witness's testimony or evidence is relevant and material to an issue in the case, is noncumulative, and necessary to an adequate defense, the defendant has no right to the issuance of subpoenas under Rule 17(b). *Link*, 921 F.2d at 1528.

Defendant, who is charged with two counts of bank robbery, was apprehended while driving a getaway car and later made statements implicating himself in several other robberies. (Doc. 14.) He "has prepared three subpoenas for documents that are vital to [his] defense." (Doc. 47.) The subpoenas request production of his school transcripts and documents showing when he donated blood or blood plasma to Grifols Biomat. (*Id.*)

---

[1] The decision in *Hegwood* is binding Eleventh Circuit authority. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981).

The defendant has not shown how these documents have any bearing on his case. Indeed, the relevance and necessity of the requested documents is quite the puzzler. Absent some explanation, his history of school attendance and blood donations appear to be entirely irrelevant to the matter of his guilt or innocence as to the pending charges. Moreover, it is unclear to the Court why he needs a subpoena to acquire the documents in any event. It is common knowledge that a person's medical and school records are generally available to him upon request without any Court intervention.

Defendant simply has not alleged any specific facts indicating that the requested evidence is relevant or necessary to an adequate defense, or shown that he is unable to obtain the documents without the necessity of a subpoena. His motion for these subpoenas is therefore **DENIED**.

**SO ORDERED** this 22nd day of April, 2010.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA