FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2010 JUN -7 PM 4: 16
CLERK M.A. Hill
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. CR410-001 |
| ) | |
| CHRISTOPHER ALLEN WILLIAMS, ) | |
| ) | |
| Defendant. ) | |

# O R D E R

The Court issues the following order addressing several outstanding issues for trial. Specifically, the Court addresses the Government's Amended Motion to Dismiss (Doc. 70), Notice of Intent to Introduce 404(b) evidence (Doc. 54), and Motion in Limine (Doc. 60). For the reasons that follow, the Amended Motion to Dismiss is **DENIED**. (Doc. 70.) Further, the Government is **ORDERED** to **REDACT** all documents in accordance with this Court's exclusion of its 404(b) evidence.

I. Motion to Dismiss

Before the Court is the Government's Amended Motion to Dismiss, seeking to dismiss Count Two of the Indictment without prejudice. (Doc. 70.) The Government neither provides a specific reason for its Motion nor cites any law in support, stating only that a dismissal without prejudice of Count Two would be "in the best interests of justice." (Id. at 1.) "A trial court has the discretion to determine whether a

prosecutor's decision to terminate a pending prosecution is clearly contrary to manifest public interest." United States v. Del Vecchio, 707 F.2d 1214, 1216 (11th Cir. 1983) (internal quotations omitted); see Fed. R. Crim. P. 48(a) (requiring "leave of court" to dismiss an indictment). The Defendant has been under indictment since December 17, 2009, a period of over six months. At the Government's request, the Defendant has been in pretrial detention since January 19, 2010. (Doc. 11.) The Government has already once superseded the indictment. (Doc. 38.) A lawyer has been appointed to represent the Defendant, who has spent the public's money preparing a defense to this Count. (Doc. 8.) Now, on the eve of trial, the prosecutor seeks to remove one count from the Indictment, apparently so that he may take two separate shots at convicting the Defendant. Granting such a Motion could not be more costly to the public, which has already paid for the development of a defense to this charge. Further, granting the Motion could subject Defendant to an unnecessary second indictment charging Defendant with the identical crime and causing Defendant to serve a second term of pretrial incarceration. Therefore, the Court finds that granting the motion would be "clearly contrary to manifest public interest." Accordingly, the Motion to Dismiss is **DENIED**. However, the Court will not force the prosecutor to proceed with a prosecution against his will. If the prosecutor wishes to

terminate the prosecution, the Court will grant a motion to dismiss the Count with prejudice.

II. <u>404(b) Evidence</u>

The Government has filed a Notice of Intent to Introduce Evidence of Other Crimes and Bad Acts. (Doc. 54.) Specifically, the Government seeks to introduce evidence that Defendant used marijuana with Co-defendant Weston during the course of their friendship, but not during the commission of these bank robberies. (<u>Id.</u>) The Government contends that this evidence is admissible for three separate reasons: (1) the marijuana usage is inextricably intertwined with the evidence of the charged offense, (2) the evidence is necessary to tell the complete story of the crime, and (3) the evidence is admissible under Rule 404(b) as evidence of motive.

The Government's first two arguments attempt to show that this evidence is not subject to Federal Rule of Evidence 404(b). That is, "evidence of criminal activity other than the charged offense is not extrinsic act evidence under Fed. R. Evid. 404(b) if it . . . was inextricably intertwined with the evidence of the charged offense, or was necessary to complete the story of the charged offense." <u>United States v. Collins</u>, 779 F.2d 1520, 1532 (11th Cir. 1986). "Evidence is inextricably intertwined with the charged offense when it forms an integral and natural part of the witness's accounts of the circumstances surrounding

3

the offenses for which the defendant was indicted." United States v. Jubiel, 2010 WL 1784680, at *3 (11th Cir. 2010) (unpublished). Evidence necessary to complete the story of the offense refers to required background information—for example, prior drug transactions that explain why a witness became a government informant. United States v. Fasanelli, 127 Fed. App'x 313, 315 (11th Cir. 2006) (unpublished).

The Government argues that the evidence of marijuana usage shows that Defendant wanted to share Mr. Weston's lifestyle, and that when offered for this purpose the evidence is necessary background information or inextricably intertwined with evidence of the charged offense. (Doc. 54.) These contentions are unpersuasive. The marijuana use occurred at a time wholly distinct from the alleged bank robberies and could not be considered a part of a direct chain of actions that led to their commission.[1] Any witness describing the events charged in the indictment—the bank robberies—would have no idea that Defendants had used marijuana together in the past, and would not need to recount such a fact to explain the events of the robbery. Therefore, the marijuana usage is not inextricably intertwined with the robberies. Further, the marijuana usage is not necessary background information—the relationship between Weston

---

[1] That is, there is no allegation that Weston and Defendant were under the influence of marijuana while the conduct charged in the indictment was occurring.

4

and Defendant is best explained as close friends who were introduced by Weston's girlfriend. That the two men smoked marijuana as a pastime is no more necessary to this story than if the two men habitually played golf or tennis together. While it can be said to add some detail, it is far from necessary.

Accordingly, this evidence falls under Federal Rule of Evidence 404(b). "The rule permits the introduction of evidence of a prior or uncharged act if the government can demonstrate: (1) a proper purpose for introducing the evidence; (2) that the prior act occurred and that the defendant was the actor; and (3) that the probative value of introducing the evidence outweighs any prejudicial effect the evidence might have." United States v. Cancelliere, 69 F.3d 1116, 1124 (11th Cir. 1995). The Government contends this evidence is admissible to show motive because the purpose of the robberies was to secure money for purchasing marijuana. The Court disagrees. This evidence goes to a speculative theory that appears to be supported simply by the fact that Defendant used marijuana. Even if the motive theory has merit, the Court finds that the prejudicial effect of this evidence outweighs its probative value. Accordingly, the evidence of marijuana usage is **EXCLUDED**. The Government is **DIRECTED** to **REDACT** any documents that contain references to Defendant's marijuana usage.

III. Government's Motion in Limine

The Court writes here to clarify its Order on the Government's Motion in Limine. (Doc. 69.) Although the Court denied the Government's Motion in Limine as premature, the Court wishes to make clear that the evidence referenced in the Motion as irrelevant is most likely inadmissible. For example, absent a compelling reason from the Defendant, the Court does not imagine that Defendant's military record, standing on its own, would be probative of Defendant's character as a law-abiding citizen under Federal Rule of Evidence 404(a). (See id. at 1-3.)

## CONCLUSION

For the above stated reasons, the Amended Motion to Dismiss is **DENIED**. (Doc. 70.) Further, the Government is **ORDERED** to **REDACT** all documents in accordance with this Court's exclusion of its 404(b) evidence.

SO ORDERED this 7th day of June 2010.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA